UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES D. SHEPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-125 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| MESA ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the undersigned on January 19, 2012, for a telephone conference to address a discovery dispute. The Court and parties were not able to resolve the issue during the conference, and the Court gave the parties leave to file a motion on the issue. No motion was filed. In May 2013, counsel for the Plaintiff contacted the Court stating that the parties were unable to resolve their dispute.

A telephone conference was requested, and it was held on June 10, 2013. At the conclusion of the conference, the parties jointly requested that the Court issue an Order ruling on the discovery issue. For clarity of the record, the Court gave the parties time to file written materials on this issue, and both parties filed written submissions on June 17, 2013. This issue is now ripe for adjudication, and for the reasons stated herein, the Plaintiff's request for discovery will be **GRANTED**.

Plaintiff moves the Court to compel the Defendant to provide "very limited discovery . . . regarding any Senior/Designer/Technical Specialists positions filled at [Defendant's] Knoxville branch from 3/26/10 through 7/23/11." [Doc. 27-2 at 1]. In support of this request, Plaintiff submits that evidence that the Defendant hired younger, less qualified employees in the Knoxville branch in positions that the Plaintiff was qualified to fill would be evidence of age discrimination. [Id. at 2]. In support of his position, Plaintiff cites the Court generally to Louzon v. Ford Motor Company, ___ F.3d ___, 2013 WL 2398042 (6th Cir. June 4, 2013).

The Defendant responds that the Plaintiff presents an age discrimination claim, and as such, information regarding positions other than the position held by the Plaintiff is irrelevant to the Plaintiff's claim. [Doc. 28-1 at 6]. Defendant maintains that it had no obligation to transfer the Plaintiff to different positions that may have been open. [Id. at 7].

Rule 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court finds that the limited materials sought are relevant to Plaintiff's claim – specifically, to his claim that younger individuals were hired to perform his job duties or work he was qualified to perform. Therefore, the Court will allow the Plaintiff to acquire this discovery.

Accordingly, Defendant is **ORDERED** to respond to Interrogatory No. 7, as modified by the parties' agreement and in the Court's discretion to state: **Please state the name, year[1] of birth, and current or last-known address of any individual hired as a Senior/Designer/Technical Specialist at Defendant's Knoxville location between March 26, 2010, and July 23, 2011.[2] For each person identified, please include the date of hire,**

---

[1] Plaintiff originally requested that the Defendant provide the date of birth for such employees. The year of birth will satisfy the Plaintiff's purposes for this information and will protect the third parties from disclosure of sensitive personal information.

[2] Temporal limitation as agreed to by the Plaintiff.

**positions held by the person, and whether the employee is currently employed by the Defendant.**

**IT IS SO ORDERED**.

ENTER:


　　　s/ H. Bruce Guyton　　
United States Magistrate Judge